**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 25, 2025.**



_____
**SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-10568-SMR |
| | § | |
| ROGER BRENT BRIGHTWELL, | § | |
| ROCSIE-JANIRES BRIGHTWELL, | § | |
| | § | |
| DEBTORS. | § | CHAPTER 7 |

| | | |
|---|---|---|
| ROGER BRENT BRIGHTWELL, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | ADV. PROC. NO. 23-01034 |
| | § | |
| U.S. DEPARTMENT OF | § | |
| EDUCATION, | § | |
| | § | |
| DEFENDANT | § | |

### FINAL JUDGMENT DISCHARGING STUDENT LOANS
**(Relates to ECF No. 2 & 27)**

On July 31, 2023, Roger Brent Brightwell and Rocsie-Janires Brightwell filed a voluntary Chapter 7 bankruptcy petition. [Case No. 23-10568, ECF No. 3].

On November 16, 2023, Roger Brent Brightwell ("Brightwell" or "Debtor") filed his

1

*Attestation of Roger Brent Brightwell in Support of Request for Stipulation Conceding Dischargeability of Student Loans* (the "Complaint") at ECF No. 2.[1] In the Complaint, Brightwell asserts that his student loans in the alleged amount of $161,092.88 are dischargeable under 11 U.S.C. § 523(a)(8) because excepting such student loans from discharge would cause an undue hardship on himself and his dependents.

This Court has statutory jurisdiction over this Adversary Proceeding under 28 U.S.C §§ 157(b)(2)(A) and (I), 1334(a)–(b), and 11 U.S.C. § 523(a)(8). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (I) as it involves administration of the estate and determination as to the dischargeability of debts. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

On January 10, 2024, Brightwell filed an *Amended Attestation in Support of Request for Stipulation Conceding Dischargeability of Student Loans* (the "Amended Complaint") at ECF No. 10. On February 29, 2024, the U.S. Department of Education (the "Department of Education") filed its *Answer to Complaint* (the "Answer") at ECF No. 16.

On July 23, 2024, the Department of Education filed a *Stipulation and Joint Motion for Entry of Consent Judgment* (the "Stipulation and Joint Motion for Entry of Consent Judgment") at ECF No. 27. In the Stipulation and Joint Motion for Entry of Consent Judgment, Brightwell and the Department of Education (collectively, the "parties") stipulated to certain facts and conclusions and requested that the Court enter a consent judgment finding and holding that Brightwell's student loan debt owed to the Department of Education would be discharged under 11 U.S.C. § 523(a)(8). No other documents were attached in support of the Stipulation and Joint Motion for Entry of

---

[1] The Complaint was filed in the form of an "Attestation of Roger Brent Brightwell in Support of Request for Stipulation Conceding Dischargeability of Student Loans." Although not properly styled and formatted as a Complaint, the Court has construed the Debtor's filing as a Complaint under the Federal Rules of Bankruptcy Procedure. Notably, no relief was sought by the Department of Education seeking to dismiss the Complaint or requesting that Brightwell be ordered to replead or amend.

2

Consent Judgment.

On October 11, 2024, the Court held a hearing on the Stipulation and Joint Motion for Entry of Consent Judgment. The Court advised the parties that it was bound by 11 U.S.C. § 523(a)(8), United States Supreme Court precedent, and Fifth Circuit precedent on the standard that the Court was required to apply before holding that Brightwell's student loans were dischargeable. The Court also noted that guidance issued by the Department of Justice to its attorneys provides in pertinent part that the United States' stipulation of facts relevant to undue hardship "is not binding on the bankruptcy court, which will render its own determination whether a debtor has met the standard for an undue hardship discharge."[2]

The Court reset the October 11, 2024 hearing for a trial and evidentiary hearing on December 9, 2024. At the December 9, 2024 hearing, Brightwell appeared and presented arguments and evidence. The Department of Education did not offer any controverting evidence and confirmed that it had no opposition to Brightwell's request for a student loan discharge.

After the December 9, 2024 hearing, the Court took the matter under advisement to review the evidence that was offered and admitted. The Court also granted Brightwell leave to file supplemental evidence by December 19, 2024. Brightwell filed supplemental evidence in the form of additional exhibits on December 19, 2024.

After considering the pleadings and any responses thereto, Brightwell's testimony, the exhibits offered and admitted at the hearings, the exhibits filed by Brightwell after the hearing, the procedural history of this case, and the arguments of the parties, the Court finds that Brightwell

---

[2] U.S. Dep't of Justice, GUIDANCE FOR DEPARTMENT ATTORNEYS REGARDING STUDENT LOAN BANKRUPTCY LITIGATION, 1, 16 (2022), *available at*
http://www.justice.gov/d9/pages/attachments/2022/11/17/student_loan_discharge_guidance_-_guidance_text_0.pdf.

has satisfied his burden[3] to show an undue hardship on himself and his dependents and; therefore, Brightwell is entitled to a discharge of his student loans under 11 U.S.C. § 523(a)(8).

It is well established that § 523(a)(8) of the Bankruptcy Code provides that an individual debtor is not discharged from student loan debt described therein unless excepting such debt from discharge would impose an undue hardship on the debtor and his dependents if not discharged. 11 U.S.C. § 523(a)(8).

In interpreting § 523(a)(8), the Supreme Court made it clear in *Espinosa* that the bankruptcy court is required to find undue hardship before discharging a student loan debt, that such requirement is self-executing, and that the bankruptcy court's failure to find undue hardship is a legal error. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 274-75 (2010).[4] The *Espinosa* Court acknowledged that the parties could stipulate to the underlying facts of undue hardship, and the student loan creditor could even waive service of a summons and complaint, but that in those situations, compliance with § 523(a)(8) requires the bankruptcy court to "make an independent determination of undue hardship . . . even if the creditor fails to object or appear in the adversary proceeding." *Espinosa*, 559 U.S. at 276-77 (citing *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 450 (2004)).

With regard to determining "undue hardship" under § 523(a)(8), the Fifth Circuit adopted

---

[3] It is the Debtor's burden to prove "undue hardship" by a preponderance of the evidence under 11 U.S.C. § 523(a). *Grogan v. Garner*, 498 U.S. 279, 290-91 (1991); *In re Blake*, 377 B.R. 502, 506 (E.D. Tex. 2007); *In re Farrish*, 272 B.R. 456, 461 (Bankr. S.D. Miss. 2001); *Johnson v. U.S. Dep't of Educ.*, 541 B.R. 759, 764 (Bankr. N.D. Ala. 2015); *In re Brown*, 247 B.R. 228, 233 (Bankr. N.D. Ohio 2000).

[4] The Court recognizes that *Espinosa* is distinguishable procedurally from this case, but the guidance as to § 523(a)(8) remains applicable and instructive. In *Espinosa* the debtor filed a Chapter 13 bankruptcy and attempted to discharge his student loans through a confirmed chapter 13 plan. 559 U.S. at 268. The *Espinosa* Court rejected the student loan creditor's procedural arguments and determined that although the bankruptcy court's failure to find undue hardship before confirming a chapter 13 plan is legal error, if the creditor had notice of the court's error and failed to object or timely appeal then the confirmation order is enforceable and binding. *Id.* at 275. Notwithstanding denial of the student loan lender's relief on procedural grounds, the *Espinosa* Court confirmed that a bankruptcy court is required to find undue hardship before discharging a student loan debt, that such requirement is self-executing, and that the bankruptcy court's failure to find undue hardship is a legal error. *Id.* at 271, 273-275, and 278.

the three-prong test set forth in *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2nd Cir. 1987) as the controlling standard. The *Brunner* test requires the Debtor to show:

> (1) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living for himself and his dependents if forced to repay the student loans;
>
> (2) that additional circumstances exist indicating that the debtor's state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and
>
> (3) that the debtor has made good faith efforts to repay the student loans.

*In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003) (citing *Brunner*, 831 F.2d at 396); *Matter of Thomas*, 931 F.3d 449, 451 (5th Cir. 2019).

With regard to the second prong of *Brunner*, the Fifth Circuit has described "additional circumstances" as those impacting the debtor's future earning potential that were not present when the debtor applied for the student loans or have since been exacerbated. *Gerhardt*, 348 F.3d at 92 (citing *In re Roach*, 288 B.R. 437, 445 (Bankr. E.D. La. 2003)). Furthermore, proving that the debtor is "currently in financial straits is not enough." *Id*. (citing *In re Brightful*, 267 F.3d 324, 328 (3rd Cir. 2001)). The Fifth Circuit has made it clear that the second prong of the *Brunner* test is meant to be a "demanding requirement" and the debtor must prove total incapacity in the future to pay his debts for reasons not within his control. *Id*. (citing *In re Faish*, 72 F.3d 298, 307 (3rd Cir. 1995)); *Matter of Thomas*, 931 F.3d at 451; *In re Thomas*, 581 B.R. 481, 485 (Bankr. N.D. Tex. 2017). The plain meaning of § 523(a)(8) is that student loans are not to be discharged unless repayment would impose intolerable difficulties on the debtor. *Matter of Thomas*, 931 F.3d at 454.

Applying the Firth Circuit's § 523(a)(8) test to the evidence before the Court in this case,

the Court

**FINDS** that Brightwell cannot maintain, based on his current income and expenses, a minimal standard of living for himself and his dependents if forced to repay his student loans; and the Court further

**FINDS** that according to Brightwell's current employment status, his medical records, and his health issues, additional circumstances exist indicating that Brightwell's state of affairs is likely to persist for a significant portion of the repayment period of the student loans and repayment would impose intolerable difficulties on Brightwell and his dependents; and the Court further

**FINDS** that Brightwell has made good faith efforts to repay his student loans.

Accordingly,

**IT IS THEREBY ORDERED** that under 11 U.S.C. § 523(a)(8), Roger Brent Brightwell's student loan discharge is **GRANTED.**

**IT IS FURTHER ORDERED** that Brightwell has satisfied his burden and shown that repayment of the student loan debt he owes would impose an undue hardship on him and his dependents. 11 U.S.C. § 523(a)(8).

**IT IS FURTHER ORDERED** that Brightwell is entitled to a discharge of the entire balance of the student loan debt he owes.

**IT IS FURTHER ORDERED** that the parties shall bear their respective fees and costs.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close this Adversary Proceeding.

**IT IS FURTHER ORDERED** that this Order is a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure, made applicable by Rule 7054 of the Federal Rules of Bankruptcy Procedure.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #